IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lord Shameal Allah, #168159,   ) | |
| ) | C/A No. 0:06-3390-MBS |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | |
| ) | **O R D E R** |
| Colie Rushton, James S. Parker, and   ) | |
| William Miller,   ) | |
| ) | |
| Defendants.   ) | |
| _____) | |

    Plaintiff Lord Shameal Allah is an inmate in the custody of the South Carolina Department of Corrections (SCDC). At the time of the underlying events, Plaintiff was housed at the McCormick Correctional Institution in McCormick, South Carolina. Plaintiff, appearing pro se, alleges that he was not reclassified to the general inmate population from the Special Management Unit (SMU). Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that he improperly was detained in the Special Management Unit (SMU), and that his classification was not periodically reviewed, all in violation of his Fourteenth Amendment right to due process. Plaintiff further alleges that his failure to be released back to "the yard" constituted cruel and unusual punishment in violation of the Eighth Amendment.

    This matter is before the court on motion for summary judgment filed by Defendants Rushton, Parker, and Miller on July 11, 2007 (Entry 20). On July 13, 2007, an order was issued pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response to Defendants' motion on August 9, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Bristow Marchant for pretrial handling. On August 30, 2007, the Magistrate Judge filed a Report and Recommendation in which he recommended that Defendants' motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on September 20, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections essentially reiterate the allegations of the complaint. The court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has carefully reviewed the record and concurs in the findings and recommendations of the Magistrate Judge..

As the Magistrate Judge properly noted, Plaintiff has no constitutionally protected liberty interest in remaining in the general population. See generally Slezak v. Evatt, 21 F.3d 590 (4th Cir. 1994) (Constitution vests no liberty interest in inmates retaining or receiving any particular security or custody status). Further, to the extent Plaintiff may have possessed a due process right to periodic

review of his security status, the record reveals that Plaintiff's status was reviewed every thirty days, including reviews on December 29, 2006, January 23, 2007, and February 22, 2007. It was determined that Plaintiff should remaining in security detention because he was considered to be a threat to the safety and security of the institution, staff, and inmates. See generally, Affidavit of James Parker (Entry 20-4). The court agrees with the Magistrate Judge that summary judgment should be granted in favor of Defendants as to Plaintiff's due process claims.

Further, Plaintiff has not alleged that he was housed in conditions so onerous as to constitute cruel and unusual punishment. See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (prisoner must prove (1) objectively that the deprivation of a basic human need was sufficiently serious, and (2) subjectively that the prison officials acted with a sufficiently culpable state of mind.). The court agrees with the Magistrate Judge that summary judgment should be granted in favor of Defendants as to Plaintiff's claims of cruel and unusual punishment.

For the reasons stated, the court concurs in the Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment (Entry 20) is granted.

Also before the court are Plaintiff's motions for an injunction (Entries 34, 36) and to amend his complaint (Entry 42). The motions contains allegations against staff at Perry Correctional Institution in Pelzer, South Carolina, where Plaintiff was transferred during the pendency of the within litigation. The court denies the motions, without prejudice. Plaintiff may file a new

complaint against individuals at Perry Correctional Institution, should he have a good faith basis to do so. See Fed. R. Civ. P. 11.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

February 12, 2008

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**